IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30356
_____


ANTONIO FRERE

                    Plaintiff

DERRICK GERARD FINISTER

                    Intervenor - Appellee

v.

HARRY LEE, individually and in his official
capacity as Jefferson Parish Sheriff

                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
99-CV-601-C
_____
April 3, 2002

Before KING, Chief Judge, and GARWOOD and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

     Defendant-Appellant Harry Lee, the Sheriff of Jefferson

Parish, appeals the district court's decision on February 14,

2001, to hold Sheriff Lee in civil contempt for failing to post a

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supersedeas bond and to assess a fine in the amount of the attorney's fees and costs incurred by Intervenor-Appellee Derrick Gerard Finister to enforce a judgment that he had recovered against Sheriff Lee. Sheriff Lee also appeals the judgment for attorney's fees and costs entered March 12, 2001 pursuant to that decision. We reverse the decision holding Sheriff Lee in civil contempt and the judgment for attorney's fees and costs.

Reading the district court's ruling entered on March 16, 2000, on Sheriff Lee's Motion to Stay Enforcement of the Judgment Without the Necessity of Posting a Supersedeas Bond Pursuant to Fed. R. Civ. P. 62 objectively and in the context in which it was rendered, the motion was denied and Sheriff Lee was ordered to post a bond of $375,000 within 21 days if he wanted to stay enforcement of the judgment during the pendency of his appeal of the judgment. This reading of the ruling is reinforced by the fact that there was no pending motion by Finister to order Sheriff Lee to post a bond, nor do we perceive any basis on which such a motion could have been filed. Accordingly, Sheriff Lee's failure to post the bond meant that Finister could have executed on the judgment at any time during the pendency of the appeal, but it did not, under these circumstances, breach the district court's order.

There may be other bases on which the fees and costs incurred by Finister in enforcing his judgment are recoverable, but we leave that to the district court on remand.

2

The district court's decision to hold Sheriff Lee in civil contempt and the district court's judgment for attorney's fees and costs are REVERSED and the case is remanded to the district court for further proceedings.  Costs shall be borne by Finister.